

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ◆ F. 718.263.9598

August 7, 2019

**Via ECF**
The Honorable Kevin Nathaniel Fox
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: **Flores, et al. v. 338 8th Avenue Corp., et al.**
        18-CV-0082 (KNF)

Dear Judge Fox:

    We represent the Plaintiffs in the above-captioned action and submit this letter on behalf of both parties to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement is attached hereto as Exhibit 1.

    Plaintiffs alleged that were former employees of Defendants and alleged that they were not paid proper overtime wages when they worked in excess of forty (40) hours per week in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiffs also alleged that they were not provided proper wage notices and statements under the NYLL.

    Defendant's position is that Defendant produced in discovery time and pay records in discovery time and pay records for both Plaintiffs which demonstrate that Plaintiffs' work hours were properly recorded, that Plaintiffs were compensated at an hourly wage that was at least or greater than the then prevailing minimum wage, and that Plaintiffs were properly compensated for overtime hours and spread of pay hours.

    In addition, Defendants produced in discovery financial records demonstrating an "inability to pay" a larger settlement or a substantial verdict.

    As a result, the parties agreed to settle all claims asserted in this matter for $20,000.00.

    Plaintiffs will recover a total amount of $12,999.00 after attorneys' fees and expenses as a result of the settlement. Plaintiff Adan Flores will recover $6,499.50 and

Plaintiff Eduardo Paulino will recover $6,499.50. These amounts are based on Plaintiffs' counsel's calculations of damages for each Plaintiff, which take into account the length of each Plaintiff's employment, the average number of hours worked by each Plaintiff and the pay received by each Plaintiff. Here, Plaintiffs' calculations were nearly identical and Plaintiffs agreed to receive an equal share of the settlement.

Plaintiffs' counsel respectfully requests one-third of the settlement amount in attorneys' fees, or $6,499.00, as agreed upon in the Plaintiffs' retainer agreements with this firm.

Plaintiffs' counsel respectfully additionally requests $502.00 for identifiable expenses, which includes: the Southern District of New York filing fee ($400.00), the costs of serving Defendants through their process server, Anke Judicial Services ($95.00), and postage fees ($7.00).

Therefore, the total amount to be paid to Plaintiffs' counsel, including reimbursement of expenses, is $7,001.00.

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiffs are seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the clients. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

In closing, we respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

_____

*Attorney for Plaintiffs*