## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **ADAN PAULINO FLORES and EDUARDO PAULINO** (hereinafter referred to as "Plaintiffs") and **338 8TH AVENUE CORP. d/b/a CITY GOURMET MARKET** (hereinafter "Defendant"), regarding Plaintiffs' employment and the settlement of any and all claims Plaintiffs have or may have against Defendant.

**WHEREAS**, Plaintiffs have commenced an action against Defendant in the Eastern District of New York, United States District Court, bearing Docket No.: **18-CV-0082** alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS,** Defendant denies that it failed to pay Plaintiffs all wages owed to them;

**WHEREAS,** Defendant does not admit any violation of law or any liability to Plaintiffs;

**WHEREAS,** Plaintiffs and Defendant mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendant and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Defendant agrees to the following payment terms:

a. Defendants shall cause Plaintiffs to be paid the gross sum of twenty thousand ($20,000.00), inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. 1st installment: Within 7 (seven) business days of Court approval of this Agreement, Defendants shall provide payment in the amount of five thousand dollars ($5,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment.

ii. 2nd installment: Within 30 days of the payment date in Paragraph 1(a)(i), Defendants shall provide payment in the amount of three thousand dollars ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment.

iii. 3rd installment: Within 30 days of the payment date in Paragraph 1(a)(ii), Defendants shall provide payment in the amount of three thousand dollars ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment.

    iv. <u>4th installment:</u> Within 30 days of the payment date in Paragraph 1(a)(iii), Defendants shall provide payment in the amount of three thousand dollars ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment.

    v. <u>5th installment:</u> Within 30 days of the payment date in Paragraph 1(a)(iv), Defendants shall provide payment in the amount of three thousand dollars ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment.

    vi. <u>6th installment:</u> Within 30 days of the payment date in Paragraph 1(a)(v), Defendants shall provide payment in the amount of three thousand dollars ($3,000.00). See payment schedule attached hereto as Exhibit A for allocation of payment.

b. The Settlement Funds will be delivered to Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

c. At the time of execution of this Agreement, Plaintiffs' counsel shall deliver to Defendants' Counsel a Stipulation of Voluntary Dismissal, with Prejudice, in the form attached as Exhibit B hereto, which Defendants' counsel shall hold in escrow and may not file until receipt of written confirmation via e-mail from Plaintiffs' counsel that the 1st installment (Paragraph 1(a)(i) has been received.

**d. Plaintiffs and Plaintiffs' counsel shall be solely responsible for the payment of any tax liability on their respective settlement payments made pursuant to this paragraph. Plaintiffs and Plaintiffs' counsel shall indemnify and hold harmless Defendants for any tax liability arising from their respective settlement payments.**

2. **<u>Confession of Judgment</u>**

   a. Upon signing of this settlement agreement, Defendants shall execute the Confession of Judgment in the amount of sixty thousand dollars ($60,000.00) (attached hereto as Exhibit C), less any payments made pursuant to this Agreement, and counsel for the Plaintiffs, Helen F. Dalton & Associates, P.C., shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 1.

   b. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiff shall provide seven (7) calendar days written notice to Defendants via email sent to Michael K. Chong, Esq., mkchong@mkclawgroup.com, of the default. If Defendants do not cure the defect within seven (7) calendar days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

    c. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

    d. Upon payment of the entire Settlement Funds outlined in Paragraph 1, Plaintiff shall return the Confession of Judgment to Defendants' counsel.

### 3. **Stipulation of Dismissal**

Upon execution of this Agreement, Plaintiffs shall provide Defendants with an executed Stipulation of Discontinuance with Prejudice as to Defendants. Upon written confirmation from Plaintiffs' counsel that the 1st installment has been received, Defendants will file a Stipulation of Discontinuance with Prejudice with the Court. Notwithstanding Plaintiffs' filing of the Stipulation of Dismissal, the parties agree that this Court and The Honorable Judge Kevin Nathaniel Fox will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

### 4. **Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought under the Complaint (**Docket No.: 18-CV-0082**) by Plaintiffs against Defendants, including claims for wages, liquidated damages, retaliation and attorneys' fees and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

### 5. **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

### 6. **Representations**

Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement.

### 7. **Release**

In consideration of the payments to be provided by Defendants as described in the Agreement, Plaintiffs, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the

maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in the action, specifically including Federal Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiffs ever had, now have, or which Plaintiffs hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiffs' employment by Defendants.

Defendants, for themselves and their heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, Plaintiffs from any and all claims that did or could have arisen out of their employment with Defendants.

### 8. Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 9. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 10. Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 11. Effective Date

This Agreement and Release shall become effective immediately upon execution.

### 12. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**PLAINTIFFS:**

_____
**ADAN PAULINO FLORES**

Date: 8/2/19

Sworn to and subscribed to before me this 2 day of ~~July~~ August, 2019.

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified In Queens County
Commission Expires April 28, 20 23

_____
**EDUARDO PAULINO**

Date: 8/2/19

Sworn to and subscribed to before me this 2 day of ~~July~~ August, 2019.

_____
Notary Public

Leah Janash
Notary Public, State of New York
No. 01JA5077017
Qualified In Queens County
Commission Expires April 28, 20 23

5

**DEFENDANT:**

338 8TH AVENUE CORP.

_____
MOHAMED ALFA, Agent Authorized to sign on 338 8th Avenue Corp.'s behalf

Date: 08/05/2019

Sworn to and subscribed to before me this 5th day of ~~July~~ August, 2019.

_____
Notary Public
Shaquane Smith

SHAQUANE SMITH
Notary Public - State of New York
NO. 01SM6376853
Qualified in Queens County
My Commission Expires Jun 18, 2022

State of New York
County of New York

6

| **EXHIBIT A OF SETTLEMENT AGREEMENT** | | | |
|---|---|---|---|
| **Settlement Allocation: Flores v. 338 8th Avenue Corp., et al.** | | | |
| | | | |
| **Settlement Total: $20,000.00** | | | |
| **Expenses: $502.00** | | | |
| **Settlement Less Expenses: $19,498.00** | | | |
| | | | |
| **1/3 attorneys fees: $6,499.00** | | | |
| **Total to Attorneys: $7,001.00** | | | |
| | | | |
| **Total to Plaintiffs: $12,999.00:** | | | |
| Adan Paulino Flores: $10,500.00 | | | |
| Eduardo Paulino: $10,500.00 | | | |
| | | | |
| **Initial Payment of $5,000.00:** | | | |
| Adan Paulino Flores: $1,624.88 | | | |
| Eduardo Paulino: $1,624.88 | | | |
| Helen F. Dalton & Assoc.: $1,750.24 | | | |
| | | | |
| **Each Monthly Payment of $3,000.00** | | | |
| Adan Paulino Flores: $974.93 | | | |
| Eduardo Paulino: $974.93 | | | |
| Helen F. Dalton & Assoc.: $1,050.14 | | | |

EXHIBIT B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAN PAULINO FLORES and EDUARDO PAULINO<br>Plaintiffs,<br><br>- vs. -<br><br>338 8TH AVENUE CORP. DBA CITY GOURMET MARKET<br><br>Defendant. | CIVIL ACTION NO:<br>18-CV-0082<br><br>STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE |

IT IS HEREBY STIPULATED AND ORDERED that the above-captioned action be and is hereby dismissed in its entirety as against Defendant, with prejudice, and with no award of attorneys' fees or costs by the Court to any party, except as provided in the Settlement Agreement.

Helen F. Dalton & Associates, P.C.  
80-02 Kew Gardens Road  
Suite 601  
Kew Gardens, NY 11415  

By: _____  
James O'Donnell, Esq.  
jamespodonnell86@gmail.com  
Attorney for Plaintiffs  

MICHAEL CHONG  
1250 Broadway, 36th Floor Suite 300  
New York, NY 10001  

By: _____  
Michael Chong, Esq.  
mkchong@mkclawgroup.com  
Attorney for Defendant  

SO-ORDERED: _____

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADAN PAULINO FLORES and EDUARDO PAULINO,
individually and on behalf of all others similarly situated,

                              Plaintiffs,

    -against-

338 8TH AVENUE CORP. d/b/a CITY GOURMET
MARKET

                              Defendant.
------------------------------------------------------------------X

**CONFESSION OF JUDGMENT**

18-CV-0082 (KNF)

_Mohamed Alrobaie_, being duly sworn, deposes and says:

1. I am an agent authorized to enter into this Confession of Judgment on behalf of 338 8TH AVENUE CORP. d/b/a CITY GOURMET MARKET.

2. I reside at _600 10 Ave, NYC, NY 10036_.
             (Home Address, City, State, Zip Code)

3. I, an authorized agent of 338 8TH AVENUE CORP. d/b/a CITY GOURMET MARKET, hereby confesses judgment in this Court in favor of the Plaintiffs, for the sum of sixty thousand dollars ($60,000.00) in this matter, less any payments made, in accordance with the amicable resolution of an action between these parties pending in the Southern District of New York bearing Docket No. 18-CV-0082 (the "Litigation") and hereby authorizes Plaintiffs or their heirs, executors, administrators, or assigns to enter judgment for that sum against 338 8TH AVENUE CORP. d/b/a CITY GOURMET MARKET.

4. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

    Plaintiffs commenced their Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging that Defendants (as Plaintiffs' employer) failed to pay proper overtime wages when Plaintiff worked over 40 hours in a particular work week. The Litigation was amicably resolved, by the Defendants agreeing to pay a total of twenty thousand dollars ($20,000.00) pursuant to the following payment schedule:

        i. 1st installment: Within 7 days of Court approval of this Agreement, Defendants shall provide payment in the amount of five thousand dollars ($5,000.00).

    ii. <u>2nd installment:</u> Within 30 days of the payment date in Paragraph 1(a)(i), Defendants shall provide payment in the amount of three thousand dollars ($3,000.00).

    iii. <u>3rd installment:</u> Within 30 days of the payment date in Paragraph 1(a)(ii), Defendants shall provide payment in the amount of three thousand dollars ($3,000.00).

    iv. <u>4th installment:</u> Within 30 days of the payment date in Paragraph 1(a)(iii), Defendants shall provide payment in the amount of three thousand dollars ($3,000.00).

    v. <u>5th installment:</u> Within 30 days of the payment date in Paragraph 1(a)(iv), Defendants shall provide payment in the amount of three thousand dollars ($3,000.00).

    vi. <u>6th installment:</u> Within 30 days of the payment date in Paragraph 1(a)(v), Defendants shall provide payment in the amount of three thousand dollars ($3,000.00).

6. The parties also agree that should the Defendants fail to make a payment when due, Plaintiff shall provide seven (7) calendar days written notice to Defendants via email sent to Michael K. Chong, Esq., mkchong@mkclawgroup.com, of the default. If Defendants do not cure the defect within seven (7) calendar days of receipt of the notice then Defendants would be indebted to Plaintiffs in the amount of $60,000.00, less any payments made in accordance with the Settlement Agreement.

7. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiffs for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

8. This confession of judgment is not for the purpose of securing the plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

_____
MOHAMED ALROUD, as an authorized agent of 338 8TH AVENUE CORP. d/b/a CITY GOURMET MARKET

Date: 8/5/2019

Sworn to before me this
5th day of AUGUST, 2019

_____
Notary Public

```
DON ANTONIO R LETANG
Notary Public - State of New York
NO. 01LE6265051
Qualified in Kings County
My Commission Expires Jul 23, 2020
```